
# (CIRCUIT) COURT OF TENNESSEE
## 140 ADAMS AVENUE   MEMPHIS, TENNESSEE 38103
### FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS
#### SUMMONS IN CIVIL ACTION

NO. CT-003828-09   AD DAMNUM $500,000.00   AUTO ☐   OTHER ☒

JOHN G. MONTAGUE and his wife,
GWENDOLYN W. MONTAGUE

5993 SHADY GROVE ROAD, MEMPHIS, TENNESSEE
Home Address

PLAINTIFF
vs.

Business Address

PACIFIC INDEMNITY COMPANY and
CHUBB GROUP OF INSURANC COMPANIES

Home Address

DEFENDANT

Business Address

TO THE DEFENDANT(S): MARTIN & ZERFOSS, M/G/A FOR PACIFIC INDEMNITY COMPANY
(PLEAS SERVE ANY OFFICER, DIRECTOR,   1909 21ST AVENUE SOUTH   PLEASE SERVE THROUGH
MANAGING AGENT OR EMPLOYEE)   NASHVILLE, TENNESSEE 37212-1587   DAVIDSON COUNTY SHERIFF

You are hereby summoned and required to defend a civil action by filing your answer with the Clerk of the Court and serving a copy of your answer to the Complaint on ____JOHN B. BARTELS____ Plaintiff's attorney, whose address is 5100 Poplar Ave., Suite 2100, Memphis, TN 38137, telephone 901-767-8500 within THIRTY (30) DAYS after this summons has been served upon you, not including the day of service. If you fail to do so, a judgment by default may be taken against you for the relief demanded in the Complaint.

JIMMY MOORE, Clerk

TESTED AND ISSUED ____6/11____, 20 09   By ____, D.C.

TO THE DEFENDANT(S):

NOTICE: Pursuant to Chapter 919 of the Public Acts of 1980, you are hereby given the following notice:
Tennessee law provides a four thousand dollar ($4,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed. These include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

## COST BOND

I hereby acknowledge and bind myself for the prosecution of this action and payment of all costs not to exceed $500.00 m this court which may at any time be adjudged against the plaintiff in the event said plaintiff shall not pay the same.

Witness My Hand this ____ day of ____, 20 ____
Certification when applicable

____
Surety

I, KENNY ARMSTRONG, Clerk & Master of the Chancery Court, Shelby County, Tennessee, certify this to be a true and accurate copy as filed.
KENNY ARMSTRONG, Clerk & Master
____, D.C.

I, JIMMY MOORE, Clerk of the Circuit Court, Shelby County, Tennessee, certify this to be a true and accurate copy as filed this ____
JIMMY MOORE, Clerk
By: ____, D.C.

EXHIBIT 2

Front

## RETURN ON SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I HAVE SERVED THE WITHIN SUMMONS:

By delivering on the ____18____ day of ____June____, 20_09_ at _____ M.

a copy of the summons and a copy of the Complaint to the following defendents

Served Christy Jones, who accepted service for Martin F Zerfoss, M/b/A for Chubb Group of Insurance Companies

X _Christy Jones_ (signature)
Christy Jones

~~Mark Luttrell, Sheriff~~

By _____
  Deputy Sheriff (Prater)

PRIVATE PROCESS SERVER

I HEREBY CERTIFY THAT I HAVE SERVED THE WITHIN SUMMONS:

By delivering on the _____ day of _____, 20___ at _____ M. a copy of the summons and a copy of the Complaint to the following defendants

_____

(PLEASE PRINT THE FOLLOWING)

Private Process Server          Address

Company                         Phone

Other manner of service:        Signature

_____

I hereby certify that I have NOT served this Summons on the within named defendant(s) _____

because _____ is / are not to be found in this County for the

following reason(s): _____

Mark Luttrell, Sheriff

This ____ day of _____, 20 ____ . By _____
                                          Deputy Sheriff

NO. CT-003828-09 D. 7

IN THE CIRCUIT COURT OF TENNESSEE FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

SUMMONS IN CIVIL ACTIONS

JOHN G. MONTAGUE et ux.
PLAINTIFF
VS.
PACIFIC INDEMNITY COMPANY et al.
DEFENDANT

Came to hand _____

John B. Bartels
Attorney for Plaintiff

Tel. No. 901 767 8500

Back

FILED
JUN 11 2009
CIRCUIT COURT CLERK
BY _____ D.C.

IN THE CIRCUIT COURT OF SHELBY COUNTY, TENNESSEE
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

JOHN G. MONTAGUE and his wife,
GWENDOLYN W. MONTAGUE,

   Plaintiffs,

           20608                    NO. CT-002828-09

vs.                                 DIV. I

PACIFIC INDEMNITY COMPANY and
CHUBB GROUP OF INSURANCE COMPANIES,

   Defendants.

## COMPLAINT

TO THE HONORABLE JUDGES OF THE CIRCUIT COURT OF SHELBY COUNTY, TENNESSEE FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS:

**COME NOW** your Plaintiffs, John G. Montague and his wife, Gwendolyn W. Montague, and sue the Defendants, Pacific Indemnity Company and Chubb Group of Insurance Companies, for damages and for cause of action would respectfully state and show unto this Honorable Court as follows:

### I. PARTIES

1.   That your Plaintiffs, John G. Montague and his wife, Gwendolyn W. Montague, are adult resident citizens of Memphis, Shelby County, Tennessee and reside at 5993 Shady Grove Road, Memphis, Tennessee.

2.   That the Defendant, Pacific Indemnity Company, at all times relevant to this complaint and upon information and belief, is a business licensed to operate in and issue policies of property and casualty insurance in the State of Tennessee, and which can be

served through the Tennessee Commissioner of Insurance and its managing general agent.

3. That the Defendant, Chubb Group of Insurance Companies, at all times relevant to this complaint and upon information and belief, is a business licensed to operate in and issue policies of property and casualty insurance in the State of Tennessee, and which can be served through the Tennessee Commissioner of Insurance and its managing general agent.

## II. JURISDICTION AND VENUE

4. Defendants are regularly engaged in commercial transactions for the purpose of providing property and casualty coverage and policies within the State of Tennessee for the purposes of T.C.A. § 56-7-105(a).

5. Plaintiffs' complaint arises in both tort and contract under and by virtue of the applicable laws of the State of Tennessee for damages sustained by the Defendants' failure to properly and timely handle and pay Plaintiffs' claim.

6. Subject matter jurisdiction over this action is proper pursuant to T.C.A. § 16-10-101.

7. Venue for a trial on the merits in Shelby County, Tennessee is proper in part by virtue of T.C.A. § 20-4-102.

8. The underlying claim and suit which forms the basis of this suit occurred in Shelby County, Tennessee, and all transactions upon which form the basis of this suit occurred in Shelby County, Tennessee, further establishing proper venue.

## III. FACTUAL ALLEGATIONS

9. Plaintiffs hereby incorporate by reference the allegations submitted in

paragraphs 1 through 8 above, as if the same were fully set forth again, and further allege and complain against the Defendants as follows:

10. Your Plaintiffs would show that, in consideration of monies paid by your Plaintiffs to the Defendants, the Defendants issued and delivered to your Plaintiffs a policy of insurance, being Policy Number 12385625-01, insuring your Plaintiffs' real estate and dwelling, located at 5993 Shady Grove Road, Memphis, Tennessee, against risks, including loss from storm, for a period of one year from June 19, 2003.

11. Your Plaintiffs would further show that, in consideration of additional monies paid by your Plaintiffs to the Defendants, the policy limits of Policy Number 12385625-01, insuring your Plaintiffs' real estate and dwelling, located at 5993 Shady Grove Road, Memphis, Tennessee, against risks, including loss from storm, were increased on July 3, 2003.

12. At all times relevant in this complaint, Plaintiffs had in force a policy of property and casualty insurance numbered 12385625-01 underwritten by the Defendants which provided for property and casualty coverage for the property located at 5993 Shady Grove, Memphis, Tennessee.

13. On or about July 22, 2003, the property located at 5993 Shady Grove, Memphis, Tennessee, was damaged as a result of storm.

14. Thereafter, on or about July 22, 2003, notice of loss and damage was properly given by your Plaintiffs to the Defendants, and the Plaintiffs rendered statements of loss, all in accordance with the terms of the aforesaid policy.

15. On November 7, 2008, your Plaintiffs made formal demand on the Defendants for payment under the terms of the policy.

16. Your Plaintiffs have complied fully with all of the provisions of the policy, but the Defendants have declined and refuse to make payment to your Plaintiffs for the loss and damage sustained.

## IV. FIRST CAUSE OF ACTION – BREACH OF CONTRACT

17. Plaintiffs hereby incorporate by this reference the allegations contained in paragraphs 1 through 16 above, as if the same were fully set forth again; and do further allege and complain against the Defendants as follows:

18. At all times relevant to this Complaint, Plaintiffs had in force a policy of property and casualty insurance numbered 12385625-01 underwritten by the Defendants which provided for deluxe coverage with limits of $759,000.00 per occurrence.

19. Defendants, under the terms of their contract of insurance with the Plaintiffs, were under a duty to fully and fairly investigate the circumstances surrounding the Plaintiffs' property loss claim of July 22, 2003.

20. At all times relevant to this complaint, beginning on or about July 23, 2003, Defendants recklessly or negligently failed to fully and carefully investigate the circumstances surrounding Plaintiffs' property loss claim of July 22, 2003, and thereby breached their duty to, and contract with, the Plaintiffs by (a) failing to fully and carefully investigate the property loss claim of July 22, 2003 and (b) alleging that the property at 5993 Shady Grove Road, Memphis, Tennessee was not damaged as reported by Plaintiffs, and (c) denying Plaintiffs' claim.

21. The Defendants' breach of contract was the cause-in-fact of the denial of the Plaintiffs' property loss claim, and proximately caused the damages for which the Plaintiffs now complain.

22. Plaintiffs would further aver that the Defendants' refusal to pay within sixty (60) days after formal demand was made on November 7, 2008 for Plaintiffs' claim constitutes both a violation of Tennessee law and a breach of the parties' contract of insurance, proximately causing damages to the Plaintiffs.

23. The Defendants, by other acts, omissions and representations herein alleged breached said contract of insurance, which Defendants had in full force and effect with Plaintiffs.

24. Plaintiffs have incurred expenses, fees, and out-of-pocket losses as a direct and proximate result of Defendants' breach of contract of insurance and continue to suffer additional damages as a result of the Defendants' actions.

### V. SECOND CAUSE OF ACTION – INSURANCE BAD FAITH

25. Plaintiffs hereby incorporate by this reference the allegations contained in paragraphs 1 through 24 hereinabove, as if the same were fully set forth again; and do further allege and complain against the Defendants as follows:

26. Defendants owed a duty of good faith and fair dealing to the Plaintiffs in their evaluation of Plaintiffs' claim; and were required to conduct an honest and fair investigation of said claim upon notice of Plaintiffs' formal demand.

27. Plaintiffs would aver, upon information and belief, that through the existence of reasonable diligence and by conducting an honest and fair investigation of Plaintiffs' claim, the Defendants could have easily ascertained that the property damage claim was a covered loss, and that the Defendants had no reasonable grounds for the assertion of any denial of the claim or any other meritorious defense to Plaintiffs' claim.

28. The Defendants' refusal to tender payment within sixty (60) days after

Plaintiffs' formal demand, which was made on November 7, 2008, constitutes a *prima facie* violation of T.C.A. § 56-7-105(a); said violation and Defendants' unreasonable delay constituting a bad faith refusal and delay in honoring the parties contract of insurance.

29. The Defendants, at all times relevant to this Complaint, failed to provide Plaintiffs' an arguable, legitimate question of coverage for its refusal to pay same.

30. Further, the Defendants were provided information and documentation by the Plaintiffs sufficient to demonstrate that no legitimate question of coverage existed as to Plaintiffs' claim and that there was no need for litigation in order to investigate the validity of the claim.

31. Defendants, by other acts, omissions and representations as alleged herein, have subordinated the rights and interests of the Plaintiffs for the unfair benefit and advantage of the Defendants.

32. Plaintiffs have incurred expenses, fees and other losses as a direct and proximate result of the Defendants' bad faith conduct in relation to the contract of insurance and Plaintiffs have suffered additional damages, including attorneys fees and costs, as a consequence of the Defendants' unsubstantiated refusal to pay.

## VI. THIRD CAUSE OF ACTION – FRAUD

33. Plaintiffs hereby incorporate by reference the allegations contained in Paragraphs 1 through 32 hereinabove, as if the same were fully set forth again; and do further allege and complain against the Defendants as follows:

34. Defendants, through their employees and agents, repeatedly made false and intentionally misleading statements and representations which were designed and intended

to avoid or delay payment of Plaintiffs' claim in violation of the contract of insurance.

35. The Defendants also engaged in other acts and omissions in violation of the terms of the contract of insurance, which include, but are not limited, to the following:

a) Representing that Defendants had carefully examined the circumstances surrounding the Plaintiffs' claim, while recklessly or intentionally failing to do so;

b) Representing that Defendants had spoken to all known parties, individuals, or entities to reach a conclusion that the Plaintiffs' property damage claim was not covered, when in fact it had recklessly or intentionally failed to do so.

36. The Defendants' false representations, acts and omissions unreasonably delayed final resolution of the Plaintiffs' claim when Defendants knew, or through the exercise of reasonable diligence should have known, that the same was in bad faith and in violation of Tennessee law and the parties' contract of insurance.

37. Plaintiffs would aver that the Defendants' conduct in denying their claim was reckless and intentional; and that the Defendants' fraudulent conduct directly and proximately caused the damages to Plaintiffs as complained herein.

38. The Defendants sought to deliberately mislead Plaintiffs through the above-described false representations, acts and omissions in order to gain an unfair advantage over Plaintiffs for the purpose of avoiding or delaying payment upon Plaintiffs' claim.

39. The Plaintiffs were in fact misled by the Defendants' false representations; and have incurred expenses, fees and losses as a direct and proximate result of the Defendants' bad faith conduct in relation to the contract of insurance; and Plaintiffs have suffered additional damages as a result of the Defendants' conduct in causing an

unreasonable delay in resolving this matter.

## VII. FOURTH CAUSE OF ACTION – VIOLATION OF TENNESSEE CONSUMER PROTECTION ACT

40. Plaintiffs hereby incorporate by reference the allegations contained in Paragraphs 1 through 39 hereinabove, as if the same were fully set forth again; and do further allege and complain against the Defendants as follows:

41. As indicated above, Plaintiffs made formal demand upon Defendants for payment under the contract of insurance on or before November 7, 2008; and Plaintiffs provided all documentation and opportunity reasonably necessary for the Defendants to properly evaluate Plaintiffs' claim, at the very latest, on November 7, 2008, which established Defendants' obligation to pay to its insureds and in accordance with the parties' contract of insurance.

42. Defendants unreasonably delayed and refused to make payment to the Plaintiffs even though as of November 7, 2008, Plaintiffs had met all statutory, contractual and common law requirements for the Plaintiffs' claim.

43. The false representations, acts and omissions of the Defendants, their agents, and authorized representatives as alleged herein constitute unfair and deceptive acts and/or practices affecting the conduct of trade or commerce; and the same did adversely affect the consumers, John G. Montague and his wife, Gwendolyn W. Montague.

44. The Tennessee Consumer Protection Act was in full force and effect at all relevant times alleged herein, including, but not limited to, T.C.A. §§ 47-18-104(a), 47-18-109(a)(1) and 47-18-104(b)(27).

45. As a direct and proximate result of the false representations, acts and omissions and practices described hereinabove; Plaintiffs have suffered and will continue to suffer economic damages.

## PRAYER FOR RELIEF

**WHEREFORE**, based upon the foregoing, Plaintiffs hereby respectfully pray that this Court enter Judgment against the Defendants as follows:

46. Plaintiffs seek judgment for statutory, pre-judgment interest pursuant to Tennessee Code Annotated, § 47-14-123, based upon the reasonable and fair market value of the Defendants' policy limits in the amount of not less than Fifty Thousand Dollars ($50,000.00) accruing from July 22, 2003; and trebled damages for the Defendants' unreasonable delay in paying the claim as provided by the Tennessee Consumer Sales Practices Act, and Defendants' bad faith denial of Plaintiffs' claim; plus such relief as damages in an amount not less than Five Hundred Thousand Dollars ($500,000.00). In addition,

A. Plaintiffs pray for judgment in the amount of a twenty-five percent (25%) penalty pursuant to Tennessee Code Annotated, § 56-7-105(a) plus interest thereon;

B. Plaintiffs pray for damages for economic loss and for lost opportunity costs and damages caused by Defendants' false and fraudulent representations which were reasonably relied upon by Plaintiffs in an amount to be proven at trial but not less than Five Thousand Dollars ($5,000.00);

C. Plaintiffs pray for Treble Damages pursuant to Tennessee Code Annotated, §47-18-101 et seq. for all economic, statutory and pecuniary loss in an amount to be

proven at trial but not less than Thirty Thousand Dollars ($30,000.00);

    D.    Plaintiffs pray for compensatory damages in an amount to be proven at trial;

    E.    Plaintiffs pray for punitive damages as exemplary compensation for Defendants' willful, intentional and/or grossly negligent representations, practices, actions and omissions in an amount to be determined by a jury of twelve (12) persons.

    F.    Plaintiffs pray for a jury of twelve (12) persons to try their cause of action; and

    G.    Plaintiffs pray for attorney's fees, costs and such other and further relief and damages as may be deemed appropriate in this matter at trial.

Respectfully submitted,

**LAW OFFICE OF JOHN B. BARTELS**

_(signature)_

JOHN B. BARTELS (BPR#020608)
Attorney for Plaintiffs
5100 Poplar Avenue, Suite 2100
Memphis, Tennessee 38137
(901) 767-8500
(901) 767-8300 (facsimile)